```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/12/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| David Riley,<br><br>         Plaintiff,<br><br>  -against-<br><br>Chris Kuehne, Jr.,<br><br>         Defendant. | 1:23-cv-02237 (MKV) (SDA)<br><br>**ORDER** |
| David Riley,<br><br>         Plaintiff,<br><br>  -against-<br><br>Chris Kuehne, Sr., Life Union and Life Benefit Plan,<br><br>         Defendants. | 1:23-cv-03928 (MKV) (SDA) |

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP") and Plaintiff's application for the Court to appoint *pro bono* counsel. (*See* 5/8/23 IFP Application, 23-cv-02237, ECF No. 14; App. for Pro Bono Counsel, 23-cv-02237, ECF No. 15.) For the reasons stated below, Plaintiff's applications are GRANTED.

**LEGAL STANDARDS**

Any court of the United States may authorize the commencement and prosecution of a civil action without prepayment of fees or security therefor by a person who submits an affidavit that includes a statement of all assets such person possesses and that the person is unable to pay such fees or give security therefor. See 28 U.S.C. § 1915(a)(1).

The IFP statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. *See Torres v. Sushi Sushi Holdings Inc.*, No. 19-CV-02532 (PAE) (RWL), 2021 WL 2887693, at *2 (S.D.N.Y. July 9, 2021).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. The litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed IFP. The court then must consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id*. In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion.

2

*See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

The Court has reviewed Plaintiff's IFP application and finds that Plaintiff has met the statutory requirements for *in forma pauperis* status. Thus, Plaintiff's application is granted, and he qualifies as indigent. Regarding *Hodge*'s other threshold requirement, *i.e.*, an evaluation of the merits of Plaintiff's claims, the Court finds that, based solely upon its initial review of Plaintiff's factual allegations (*see* 23-CV-02237 Compl., ECF No. 2-2; 23-CV-03928 Compl., ECF No. 2-2), without the benefit of any legal briefing from Defendants, plausibly may support a claim pursuant to the National Labor Relations Act.

The Court finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application. Plaintiff indicates that he has taken steps to retain counsel, but these have been unsuccessful. (*See* App. for Pro Bono Counsel at 2; Pl.'s 5/8/23 Ltr., ECF No. 16, at 1.) Plaintiff has asserted that in addition to being indigent, Plaintiff suffers from health problems and is unable to adequately represent himself. (*See* App. for Pro Bono Counsel at 1; Pl.'s 5/8/23 Ltr. at 1.) Thus, the Court finds that Plaintiff is unlikely to be able to investigate his claims, conduct thorough discovery and prepare for trial without representation. This case involves factual disputes concerning Defendants' conduct. The outcome of this case may depend on information which only can be gleaned from discovery. In this case, appointing counsel would assist Plaintiff through the discovery process, leading to a "quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

**CONCLUSION**

For the foregoing reasons, Plaintiff's application to proceed IFP and Plaintiff's application for the Court to appoint pro bono counsel are GRANTED. As noted above, there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, some time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace.

If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with the case *pro se*. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not. The Court has established a Pro Bono Fund to encourage greater attorney representation of *pro se* litigants. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

In the interim, Plaintiff may consider contacting the New York Legal Assistance Group (NYLAG) Clinic for *Pro Se* Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the Court. It cannot accept filings on behalf of the Court, which must still be made by any *pro se* party through the *Pro Se* Intake Unit.

To receive limited-scope assistance from the clinic, parties may complete the clinic's intake form on their computer or phone at: https://tinyurl.com/NYLAG-ProSe-OI. If Plaintiff has questions regarding the form or Plaintiff is unable to complete it, Plaintiff may leave a voicemail

at (212) 659-5190. The Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed. A copy of the flyer with details of the clinic is attached to this order.

**SO ORDERED.**

Dated:     New York, New York
             July 12, 2023

                                                                                                                          _____
                                                                                                     STEWART D. AARON
                                                                                                     United States Magistrate Judge



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

> Room LL22
> 40 Foley Square
> New York, NY 10007
> (212) 659 6190
>
> Open weekdays
> 10 a.m. – 4 p.m.
> Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



# Services Provided for Self-Represented Litigants in the Southern District of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York provides free limited legal assistance to individuals who are representing themselves or planning to represent themselves in civil lawsuits in federal court in Manhattan and White Plains. The clinic is staffed by attorneys, law students, and paralegals. Information given to clinic staff is confidential.

## Clinic Staff Can:

- Advise on filing cases in federal court, including on the issue of whether a case should be filed in the Southern District of New York or somewhere else;
- Provide legal advice in response to questions that come up at any stage of litigation;
- Assist in getting additional information or research into the legal issue in your case;
- Review and explain court orders and filings by your opponent, and provide an overview of the federal legal process in civil cases generally;
- Assist with motions, discovery, and strategy;
- Assist with getting ready for depositions, pretrial conferences, mediations, and court appearances;
- Provide forms and instructions manuals;
- In appropriate cases, help you retain pro bono counsel;
- In appropriate cases, represent you in a mediation through the Southern District's Alternative Dispute Resolution Program, or a court-ordered settlement conference;
- In appropriate cases, represent you at a deposition; and
- In appropriate cases, provide referrals to other agencies and organizations that provide civil legal services and/or social services.

Use of the NYLAG Legal Clinic for Pro Se Litigants is separate from any appointment of counsel by the court. A request for appointment of counsel requires a separate application and the decision whether to appoint counsel is entirely up to the court. Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## Clinic Staff Cannot:

- Assist with federal civil cases that belong in a different federal court, such as the Eastern District of New York, which covers of New York, which covers Brooklyn, Queens, Staten Island, and Nassau and Suffolk Counties;
- Assist with an appeal of your federal case;
- Assist with state court cases, bankruptcy court cases, or criminal cases;
- Pay any of the costs associated with filing or defending a lawsuit in federal court;
- File documents with the court on your behalf;
- Appear on your behalf other than representation at a mediation through the Southern District's Alternative Dispute Resolution Program, a court-ordered settlement conference, or, in appropriate cases, a deposition;
- Write court documents for you; or
- Conduct an investigation into the facts of your case.

## Clinic Staff May Decline Assistance If:

- NYLAG has already given advice to your opponent;
- Your legal problem is beyond the scope of matters handled by the clinic;
- Providing assistance would conflict with the New York Rules of Professional Conduct;
- Your income and/or assets are high enough to allow you to retain private counsel; or
- NYLAG determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

**New York:** Thurgood Marshall United States Courthouse | Room LL22 | 40 Foley Square | New York, NY 10007 | (212) 659 6190 | https://nylagoi.legalserver.org/modules/matter/extern_intake.php?pid=142&h=cea984&


a beneficiary of UJA Federation of New York