USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/13/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| David Riley,<br><br>                Plaintiff,<br><br>-against-<br><br>Chris Kuehne, Jr.,<br><br>                Defendant. | 1:23-cv-02237 (MKV) (SDA)<br>(Lead Case) |
| David Riley,<br><br>                Plaintiff,<br><br>-against-<br><br>Chris Kuehne, Sr., Life Union and Life Benefit Plan,<br><br>                Defendants. | 1:23-cv-03928 (MKV) (SDA) |

**STEWART D. AARON, United States Magistrate Judge:**

      Pending before the Court is a motion by Defendants League of International Federated Employees Local 1032 (incorrectly pleaded as Life Union) (the "Union"), League of International Federated Employees Life Benefit Fund (incorrectly pleaded as Life Benefit Plan) (the "Fund"), Chris Kuehne, Sr. ("Kuehne Sr.") and Chris Kuehne, Jr. ("Kuehne Jr.") (collectively, the "Defendants"), pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure, for an enlargement of the time for Defendants to serve responses to Plaintiff's requests for admissions. (Defs.' 10/5/23 Mot., 23-CV-02237 ECF No. 36.) For the reasons set forth below, Defendants' motion is GRANTED.

**BACKGROUND**

*Pro se* Plaintiff, David Riley ("Plaintiff" or "Riley"), commenced the above-captioned consolidated cases in state court and they subsequently were removed to this Court on the basis that Riley's claims are governed by the National Labor Relations Act. (3/15/23 Not. of Removal, 23-CV-02237 ECF No. 2, ¶ 8; 5/11/23 Am. Not. of Removal, 23-CV-03928 ECF No. 2, ¶ 6.) In these cases, Riley alleges in substance that Kuehne Sr. is a director of the Union; that Kuehne Jr. is a union representative; that Kuehne Jr. colluded with management; that the Union and Kuehne Sr. breached the Union's duties to its members in the course of negotiating a collective bargaining agreement between the Union and Shinda Management; and that Riley suffered damages as a result. (*See* 2/27/23 Compl., 23-CV-02237 ECF No. 2-2, ¶¶ 1-17; 4/11/23 State Ct. Compl., 23-CV-03928 ECF No. 2-2, ¶¶ 1-21.)

On July 11, 2023, the Court entered a Case Management Plan, which provided that requests for admissions were to be served on or before July 31, 2023. (Case Mgt. Plan, 23-CV-02237 ECF No. 26, at 3.) On September 4, 2023, the parties agreed that the responses to Plaintiff's requests for admissions were due on Friday, September 22, 2023. (*See* Pl.'s 9/4/23 Email, 23-CV-02237 ECF No. 36-4.) Defendants' counsel failed to timely serve Defendants' responses because, according to him, he "mistakenly calendared the due date as Friday, September 29, 2023." (*See* Welch Decl., 23-CV-02237 ECF No. 36-2, ¶ 6.) After Defendants' counsel realized his error on Monday, September 25, 2023, he prepared the overdue responses to Plaintiff's requests for

admissions and transmitted them to Plaintiff by email at 3:30 p.m. on Wednesday, September 27, 2023, *i.e.*, five days late. (*See id.* ¶¶ 7-8.)

After Plaintiff declined to consent to an enlargement of time for Defendants to respond to Plaintiff's requests for admissions, on October 5, 2023, Defendants filed their motion seeking such enlargement, which is the motion currently before the Court.[1] (*See* Defs.' 10/5/23 Mot.) On October 6, 2023, Plaintiff filed his letter in opposition to Defendants' motion. (Pl.'s 10/6/23 Ltr., 23-CV-02237 ECF No. 38.)

## **LEGAL STANDARDS**

Under Rule 36(a)(1) of the Federal Rules of Civil Procedure, "[a] party may serve on any other party a written request to admit . . . the truth of any matters" relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1). Rule 36(a)(3) provides:

> A matter [contained in a written request to admit] is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Fed. R. Civ. P. 36(a)(3).

"[T]he failure to respond in a timely fashion [to requests for admissions] does not require the court automatically to deem all matters admitted." *Loc. Union No. 38, Sheet Metal Workers'*

---

[1] On September 26, 2023, Plaintiff filed a letter with the Court stating that Defendants had failed to timely respond to Plaintiff's admissions requests and therefore that the answers "will be submitted in court as true/admit." (*See* Pl.'s 9/26/23 Ltr., 23-CV-02237 ECF No. 33.) However, Plaintiff's September 26 letter was not filed to the ECF docket until September 27 and Defendants' counsel did not receive notice of the filing until 4:33 p.m. that day. (*See* Welch Decl. ¶ 9 & Ex. 4.) On September 28, 2023, Defendants' counsel filed a response to Plaintiff's September 26 letter. (*See* Defs.' 9/28/23 Ltr., 23-CV-02237 ECF No. 34.) On September 29, 2023, the Court entered a Memo Endorsement providing that, if Plaintiff did not consent to an enlargement of Defendants' time to respond to Plaintiff's requests for admissions, then Defendants should file a motion, pursuant to Fed. R. Civ. P. 36(a)(3), seeking such enlargement. (*See* 9/29/23 Mem. End., 23-CV-02237 ECF No. 35.)

*Int'l Ass'n, AFL-CIO v. Tripodi*, 913 F. Supp. 290, 294 (S.D.N.Y. 1996). "Rather, Rule 36(b) provides that the Court, on motion, may permit an admission to be withdrawn or amended if (1) 'it would promote the presentation of the merits of the action' (2) without 'prejudic[ing] the requesting party in maintaining or defending the action on the merits.'" *Paniagua v. Walter Kidde Portable Equip., Inc.*, 183 F. Supp. 3d 473, 482 (S.D.N.Y. 2016) (alteration in original) (quoting Fed. R. Civ. P. 36(b)).

It has been noted that "the standard for determining whether a party can avoid the stated consequences of failing to comply timely with a request for admissions has not been firmly established." *Gonzalez v. Penn Station Shoe Repair, Inc.*, No. 20-CV-01222 (JPC), 2021 WL 1178089, at *2 (S.D.N.Y. Mar. 29, 2021) (quoting *Jindan Wu v. Seoul Garden, Inc.*, No. 16-CV-03613 (ARR) (ST), 2018 WL 507315, at *6 (E.D.N.Y. Jan. 22, 2018)). The court in *Wu* determined that "some combination of the following factors is relevant: (1) whether allowing for the untimely responses would further the assessment of the merits of the case; (2) whether the opposing party would suffer prejudice; and (3) whether the response is untimely due to a lack of good faith." *Wu*, 2018 WL 507315, at *7.

## ANALYSIS

The Court finds that an enlargement of time for Defendants to respond to Plaintiff's requests for admissions promotes the assessment of the merits of this case. Moreover, Plaintiff has not suffered any unfair prejudice due to the brief five-day (three business day) delay by Defendants in responding to the requests for admissions. Finally, the Court finds that Defendants' counsel explanation regarding the delay (*i.e.*, that he "mistakenly calendared the due date" (*see*

Welch Decl. ¶ 6)) is plausible and does not evince bad faith on the part of Defendants or their counsel.

Accordingly, the Court, in its discretion, hereby grants Defendants' motion for an enlargement of time.

## CONCLUSION

For the foregoing reasons, Defendants' motion for an enlargement of the time for Defendants to serve responses to Plaintiff's request for admissions is GRANTED. It is hereby ORDERED that (1) Defendants' responses to Plaintiff's requests for admissions, which responses were served on September 27, 2023, are deemed timely; and (2) Defendants will not be deemed to have admitted Plaintiff's requests for admissions as a result of Defendants' late response.

**SO ORDERED.**

Dated:   New York, New York
         October 13, 2023

_____
STEWART D. AARON
United States Magistrate Judge